UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARTHUR LEONARD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:11-11815-JLT |
| | * | |
| PNC BANK N.A., | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER

October 14, 2011
4:00 PM

I.   Introduction:

At issue is Plaintiff's Motion for Temporary Restraining Order [#2].[1] Plaintiff seeks an temporary restraining order against Defendant that would prevent the Defendant from foreclosing on Plaintiff's home. The foreclosure is currently scheduled for October 19, 2011. Alternatively, Plaintiff requests a hearing on this Motion before the foreclosure date. For the reasons listed below, Plaintiff's Motion is ALLOWED and Defendant is enjoined from foreclosing on Plaintiff's home until after October 25, 2011. A hearing will be held on October 25, 2011 to determine whether a preliminary injunction should be ordered.

II.   Temporary Restraining Order:

Whether or not a preliminary injunction should be granted is governed by a four-part test. This test evaluates (1) the Plaintiff's likelihood of success on the merits, (2) the potential for

---

[1] A summons was issued to Defendants on October 13, 2011. Plaintiff has provided a notice regarding the foreclosure sale of Plaintiff's home listing the Harmon Law Offices, P.C. as the attorneys responsible. As of today there is no attorney listed on the docket for Defendant.

irreparable injury, (3) the balancing of the equities, and (4) the public interest.[2] In cases where a party is moving for an ex-parte temporary restraining order, the moving party is also required to demonstrate that the movant will suffer irreparable injury before the other party has a chance to be heard and that there is good reason as to why the order should be issued immediately.[3]

The Plaintiff has satisfied the requirements for a temporary restraining order. First, at the very least, Plaintiff has alleged that Defendant failed to provide notice of foreclosure in accordance with M.G.L. c. 244 §35A and that therefore that the foreclosure itself is in violation of Massachusetts law. Second, it is clear that there would be irreparable injury to Plaintiff if the foreclosure were to go forward. Plaintiff's complaint seeks the modification of the loan and a foreclosure would prevent Plaintiff from receiving that.[4] Similarly, foreclosure deprives an individual of their home in a way that may not be restored. Because Defendant has not committed to responding to Plaintiff before October 20, 2011, one day after foreclosure, and need not respond to this Motion before the impending foreclosure sale, it is likely that the irreparable harm to Plaintiff will occur before the Defendant responds. Third, the balancing of the equities favors Plaintiff. Should Defendant prevail in this action, the foreclosure will only have been delayed; whereas if the foreclosure goes forward, Plaintiff will be unable to receive his stated remedy, the loan modification. Fourth, the public interest favors a review of Plaintiff's claims against Defendant before irreparable harm can occur.

III. Conclusion:

For the above mentioned reasons, Plaintiff's Motion for Temporary Restraining Order is

---

[2] Sunshine Dev., Inc. v. F.D.I.C., 33 F.3d 106, 110-11 (1st Cir. 1994).

[3] F.R.C.P. 65(b).

[4] Compl., Prayer for Relief ¶ 3.

ALLOWED and the Defendant is enjoined from foreclosing on Plaintiff's property until after October 25, 2011.  A hearing is scheduled for October 25, 2011 to determine whether a preliminary injunction should be ordered.

IT IS SO ORDERED.

                                                    /s/ Joseph L. Tauro  
                                                  United States District Judge

cc:  
Harmon Law Offices, P.C.  
150 California St.  
Newton, MA 02458