UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARTHUR LEONARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 11-11815-NMG |
| PNC BANK, NA, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OF DECISION AND
# ORDER ON PLAINTIFF'S MOTION TO STRIKE

February 3, 2014

DEIN, U.S.M.J.

This action arises out of the efforts of the plaintiff, Arthur Leonard ("Leonard"), to avert the foreclosure of his home by obtaining a mortgage loan modification from the defendant, PNC Bank, NA ("PNC"), pursuant to the federal Home Affordable Modification Program ("HAMP"). Leonard claims that throughout the parties' course of dealing, the defendant engaged in unfair, deceptive and otherwise unlawful conduct by, *inter alia*, making misrepresentations regarding the plaintiff's obligation to make mortgage payments while his application for a loan modification remained pending, issuing repeated requests for information that had already been submitted, failing to carry out an expeditious review of the plaintiff's application, and reneging on its contractual obligation to provide Leonard with a permanent loan modification if he made timely payments under the terms of a trial period plan. By his Verified Complaint, Leonard has asserted six

causes of action against PNC, including a claim for a declaratory judgment that PNC violated Mass. Gen. Laws ch. 244, § 35A by failing to properly notify the plaintiff of his right to cure the default on his mortgage (Count I), as well as claims for breach of contract (Count II), breach of the implied duty of good faith and fair dealing (Count III), promissory estoppel (Count IV), negligence (Count V), and violation of Mass. Gen. Laws ch. 93A (Count VI).

The matter is presently before the court on the Defendant's Motion for Summary Judgment (Docket No. 31). In connection with his opposition to that motion, Leonard has filed a "Motion to Strike Affidavit in Support of Defendant's Motion for Summary Judgment" (Docket No. 45). By his motion, Leonard is seeking to strike an affidavit that was submitted by Brian J. Arthur ("Arthur"), PNC's Assistant Vice President of Mortgage Services - Default, in support of the defendant's motion for summary judgment. He is also seeking to preclude PNC from relying on the testimony of any witness who was not identified by the defendant in its initial disclosures, or from offering evidence pertaining to any of the topics listed in the deposition notice issued to the defendant pursuant to Fed. R. Civ. P. 30(b)(6), which "goes beyond the limited information provided by PNC's witness in such deposition." (Pl. Mot. at 1). For all the reasons described below, the plaintiff's motion to strike is DENIED WITHOUT PREJUDICE.

The plaintiff contends that he is entitled to relief because Arthur was not identified as a witness in PNC's initial disclosure statement pursuant to Local Rule 26.1(B), and because PNC has otherwise failed to make a good faith effort to comply with its

discovery obligations. Specifically, Leonard argues that in its disclosure statement, the defendant failed to identify any PNC employees with discoverable information other than unnamed "Customer Service Representatives as reflected in documents produced by PNC[.]" (See Pl. Mot. at 2 & Ex. A thereto). He also argues that the witness designated to testify on PNC's behalf pursuant to Fed. R. Civ. P. 30(b)(6), Dorothy J. Thomas, did little to prepare for the deposition and was unable to provide any significant information. Indeed, during her deposition, Ms. Thomas admitted that while she conducted a review of PNC's electronic records system, she did not consult with other PNC employees who may have had direct knowledge of Leonard's loan history, or review the substance of the documents contained in Leonard's loan file. (See Thomas Dep. at 11-12, 17-18, 25-28, 34-36, 72, 112-13, 120).[1] Moreover, she was able to provide few details regarding the facts giving rise to this case. (See, e.g., Thomas Dep. at 55-57, 60-64, 70-72, 84). The plaintiff asserts that, "PNC should not be entitled to hide the ball with respect to its anticipated witnesses, frustrate Mr. Leonard's efforts to learn what evidence PNC intends to rely upon, offer a corporate representative with virtually no knowledge of the relevant facts, and still put forward an affiant for summary judgment to speak to just those issues about which there has not been full discovery." (Pl. Mot. at 7). Accordingly, he requests that this court sanction the defendant by striking Arthur's affidavit, and by barring PNC from offering testimony from any witness who was not identified in its automatic

---

[1] The deposition of Dorothy J. Thomas, PNC's corporate representative pursuant to Fed. R. Civ. P. 30(b)(6), is attached as Exhibit B to Leonard's motion to strike.

disclosures, or in the alternative, "from offering evidence on the noticed topics that goes beyond the information that was provided in the 30(b)(6) deposition." (Id.).

Although there is no dispute that Arthur was not identified as a potential witness in PNC's initial disclosure statement, the record does not support Leonard's request to strike his Affidavit. Under Local Rule 26.1(B), a defendant is required to identify:

> all persons then known to the defendant or the defendant's attorneys who witnessed the transaction or occurrence giving rise to the claim or otherwise is known or believed to have substantial discoverable information about the claims or defenses, together with a statement of the subject and brief summary of that information.

Local Rule 26.1(B)(2)(a). Leonard has not shown that PNC's failure to disclose Arthur's identity constituted a violation of this Rule.

Arthur's Affidavit reveals that his knowledge of relevant facts was not based on any personal knowledge, but was derived instead from his review of the defendant's business records and computer systems following the initiation of the litigation. (See Affidavit (Docket No. 34) ¶ 2). In fact, for the most part, the testimony contained in the Affidavit does nothing more than describe documents from PNC's files that relate to Leonard's loan history and communications with PNC. All of those documents are attached to the Affidavit, and there is no dispute that they were produced to the plaintiff during discovery. Accordingly, the record shows that the primary purpose of the Affidavit is to authenticate documents on which PNC is relying to support its motion for summary judgment, and to highlight the portions of those documents that are relevant to

PNC's arguments. There is nothing inappropriate about PNC's reliance on Arthur to present the documents in such a manner.

To the extent Arthur has testified to facts that are not reflected in the documents, PNC has shown that his knowledge of those facts stems from his review of PNC's Loan Activity Archive and not from his personal knowledge of Leonard's loan history or communications with PNC. (See Def. Opp. Mem. (Docket No. 54) at 2 & Ex. A thereto). Because there is no indication that Arthur was involved in any of the transactions or occurrences at issue in this case, or that he otherwise had "substantial discoverable information" about the parties' claims and defenses, PNC was not obligated to list him as a potential witness in its disclosure pursuant to Local Rule 26.1(B). Therefore, his Affidavit will not be stricken.

The plaintiff's request to preclude PNC from offering, in connection with its summary judgment motion, testimony from individuals who were not identified in its initial disclosures or evidence beyond the scope of the information provided by PNC's Rule 30(b)(6) witness, is denied without prejudice. In connection with its motion for summary judgment, PNC is relying on Arthur's testimony and the documents attached thereto. It has not based its arguments on the testimony of other witnesses whose identities were not disclosed in its Local Rule 26.1 statement. Furthermore, while there appears to be support in the record for Leonard's assertion that PNC did not fully prepare its corporate representative for her Rule 30(b)(6) deposition, and it may have been appropriate for Leonard to challenge the sufficiency of her testimony at the time of the

deposition, the witness' failure to provide more information does not justify the relief requested here.  As described above, the documents on which PNC is relying to support its motion for summary judgment were disclosed to the plaintiff in discovery, and many of the facts described in those documents are not in dispute.  Therefore, the record fails to substantiate Leonard's assertion that PNC was "hiding the ball" with respect to the evidence supporting its defenses in this case, and Leonard's motion to strike is DENIED WITHOUT PREJUDICE.  Nothing herein shall preclude Leonard from challenging any witnesses at trial on the grounds that PNC failed to disclose the witness or the substance of the testimony in a timely manner.

      / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge